812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Thomas STACK and Henry, Henry and Stack, Defendants-Appellees.
 No. 86-5199.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1987.
 
 1
 Before GUY, Circuit Judge, EDWARDS, Senior Circuit Judge, and EDGAR, District Judge*.
 
 ORDER
 
 2
 The plaintiff appeals the order denying her motion for a "restraining order" in this diversity action for legal malpractice. The defendants now move for dismissal of the appeal on grounds the order is nonappealable. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. The appeal is fully briefed.
 
 
 3
 This action arises from Tennessee state court proceedings which resulted in an order for the partition sale of farm property jointly owned by the plaintiff and her two siblings. In her pro se complaint, the plaintiff claimed that the adverse decision in those proceedings resulted in part from the negligent performance of retained counsel--the defendants herein. In addition to damages, however, she also sought injunctive relief prohibiting the sale of the farm property. To that end, she submitted a proposed "restraining order" enjoining "anyone associated [with] or employed [by the defendants] from seizure, sale by any means including Public Auction" of the property. The district court summarily denied that proposed order by notation. This timely appeal followed.
 
 
 4
 The defendants argue that the district court's order was one denying a temporary restraining order which, except in extraordinary circumstances, cannot be appealed under either 28 U.S.C. Sec. 1291 or Sec. 1292(a)(1). See generally Petraco-Valley Oil and Refining Co. v. United States Department of Energy, 633 F.2d 184, 199 (T.E.C.A.1980). The district court, however, construed the proposed order as a motion for either a temporary restraining order or a preliminary injunction. Given the pro se status of the plaintiff and the fact the proposed injunction was to endure for the pendency of the action, we conclude the district court's order may be construed as the denial of a preliminary injunction. This Court therefore has jurisdiction to review that order under 28 U.S.C. Sec. 1292(a)(1).
 
 
 5
 Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. Because the plaintiff's claim is for legal malpractice and the defendants have no interest in the property which is the object of the state court judgment, the proposed injunction would be beyond the scope of this action. The district court did not abuse its discretion in summarily denying the proposed injunctive relief.
 
 
 6
 It is ORDERED that the motion to dismiss be and it hereby is denied.
 
 
 7
 It is ORDERED further that the district court's denial of a preliminary injunction be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, District Judge for the Eastern District of Tennessee, sitting by designation